UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HARRIET ELVETA PIERCE,

                              Plaintiff,                1:18-cv-01466 (BKS/CFH)

v.

OCWEN LOAN SERVICING LLC a/k/a OCWEN
FINANCIAL (OCWEN) CORPORATION; TRUSTCO
BANK;[1] ALTISOURCE SOLUTIONS INC.; REAL
HOME SERVICES AND SOLUTIONS INC.;
DEUTSCHE BANK AG; DOES 1 THROUGH 100
INCLUSIVE; and MARCUS SCHENCK CFO,[2]

                              Defendants.

---

**Appearances:**

*Plaintiff, pro se:*
Harriett Elveta Pierce
Saratoga Springs, NY 12866

*For Defendant Trustco Bank:*
Peter A. Pastore
McNamee Lochner PC
677 Broadway, Suite 500
Albany, NY 12207

*For Defendants Ocwen Loan Servicing, LLC,
Deutsche Bank, Altisource Solutions, Inc., and
REALHome Services and Solutions, Inc.:*
Patrick G. Broderick
Brian S. Pantaleo
Greenberg Traurig, LLP
200 Park Avenue, 39th Floor
New York, NY 10166

---

[1] Spelled Trusco and Trustco in the Amended Complaint, (*see* Dkt. No. 11, at 1–2), the Court utilizes Trustco for convenience.

[2] Schenck, chief financial officer of Deutsche Bank, is not named in the caption of the Amended Complaint but is identified in the body of the document as a defendant. (*See, e.g.*, Dkt. No. 11, at 3, 11).

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.      INTRODUCTION**

Plaintiff pro se Harriett Elveta Pierce filed this action under 42 U.S.C. § 1983, alleging that Defendants violated her Fourth and Fourteenth Amendment rights in connection with Plaintiff's property at 138 Jefferson Street, Saratoga, New York (the "property" or "138 Jefferson Street"). (Dkt. No. 11). In addition to her constitutional claims, Plaintiff brings causes of action under state law for: fraud in the concealment; fraud in the inducement; breach of contract; breach of fiduciary duty; and negotiable instrument. (*Id.* at 9–15). Presently before the Court are: Plaintiff's motion for a preliminary injunction, (Dkt. No. 4); Defendant Trustco Bank's motion to dismiss the Amended Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, (Dkt. No. 17), which was joined by Defendants Altisource Solutions Inc., Deutsche Bank AG, Ocwen Loan Servicing LLC, Real Home Services and Solutions, Inc (Dkt. No. 23); and Plaintiff's motion to file an amended complaint, (Dkt. No. 27). Plaintiff opposes Defendants' motion to dismiss and moves to strike it from the docket. (Dkt. No. 29). For the reasons that follow, the Amended Complaint is dismissed without prejudice.

**II.     FACTS**

According to the Amended Complaint, "the private property located at 138 Jefferson Street, Saratoga County, New York" is Plaintiff's "shelter in which plaintiff has a constitutional right to own or possess." (Dkt. No. 11, at 4). Plaintiff disputes Defendant Ocwen Loan Services, LLC's "claim to legal title and equitable title" of 138 Jefferson Street. (*Id.*). Plaintiff "issued two . . . [s]ecurities or items of credit to execute in the capacity of . . . a Tangible Note to Ocwen . . . for a total of $567,000.00." (*Id.*).

On August 25, 2016, Plaintiff "sent notice" to Ocwen "of contract agreement/promissory NOTE . . . in the amount of $67,000.00 [and $500,000] with special deposit, authorization of said NOTE being medallion guaranteed by Defendant Trustco Bank." (*Id.* at 5). The same day, Ocwen accepted from Plaintiff "full payoff for the property" at 138 Jefferson Street. (*Id.* at 6). Defendant Ocwen, however "misappropriated" Plaintiff's "contract agreement and promissory note, negotiable instrument" and "fraudulently concealed plaintiffs [sic] Notes and now purports to be the owner of plaintiffs [sic] private property in which they were entrusted to disclose and appropriately apply to plaintiffs mortgage loan account." (*Id.*). Defendant Ocwen "has conspired to steal plaintiffs [sic] private property and is acting in concert" with the other Defendants. (*Id.* at 7). On September 23, 2016, Plaintiff and Ocwen "entered into a consent judgment or agreement with Plaintiff . . . regarding the Plaintiff zero ($0) balance and or liability owed to defendant(s) as a result the original contract agreement therefore should have been discharged by substitution." (*Id.* at 4). Further, according to the Amended Complaint, "Defendants Deutsche Bank AG purportedly sold or transferred plaintiffs private property located at 138 Jefferson Street . . . to Defendants Ocwen . . . while Defendant Deutsche Bank AGE . . . brought foreclosure action against plaintiff." (*Id.* at 7). Plaintiff claims that the sale was not valid and was fraudulent. (*Id.*). Plaintiff further alleges that Defendants Altisource and REALHome Services have fraudulently represented that the last time the 138 Jefferson Street property was sold was in August 2003. (*Id.*). Plaintiff alleges Defendants "have discriminated against her because of her age (84) and her race." (*Id.* at 8).

## III. DISCUSSION

### A. Motion to Dismiss for Failure to State a Claim

#### 1. Standard of Review – Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although a complaint need not contain detailed factual allegations, it may not rest on mere labels, conclusions, or a formulaic recitation of the elements of the cause of action, and the factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Lawtone-Bowles v. City of New York*, No. 16-cv-4240, 2017 WL 4250513, at *2, 2017 U.S. Dist. LEXIS 155140, at *5 (S.D.N.Y. Sept. 22, 2017) (quoting *Twombly*, 550 U.S. at 555). A court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). When deciding a motion to dismiss, a court's review is ordinarily limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A complaint that has been filed pro se "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). "Nonetheless, a pro se complaint must state a plausible claim for relief." *Id.*

#### 2. Analysis

Plaintiff purports to bring claims under 42 U.S.C. § 1983, alleging that Defendants subjected her to race and age discrimination and violated her Fourth and Fourteenth Amendment

4

rights.[3] (Dkt. No. 11, at 8). Defendants argue that these claims must be dismissed because the Amended Complaint "fails to make the required allegation that the defendants' alleged conduct occurred under color of state law." (Dkt. No. 17-1, at 6). "To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014). In this case, there is no allegation that any Defendant is a state actor or was acting under color of state law. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("In order to state a claim under § 1983, a plaintiff must allege that [s]he was injured by either a state actor or a private party acting under color of state law."); *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (noting that § 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful") (internal quotations marks omitted). Nor does Plaintiff allege that Defendants were acting in a joint activity or conspiracy with a state actor to violate Plaintiff's constitutional rights. *See Carrillos v. Incorporated Village of Hempstead*, 87 F. Supp. 3d 357, 371 (E.D.N.Y. 2015) ("A private actor may be considered to be acting under the color of state law for purposes of Section 1983 if she was 'a willful participant in joint activity with the State or its agents.' This potential liability under Section 1983 also applies to a private party who conspires with a state official to violate the plaintiff's constitutional rights." (quoting *Ciambriello*, 292 F.3d at 324)). Thus, because the Amended Complaint, even construed liberally, fails to allege a cause of action against Defendants under § 1983, Plaintiff's Fourth and Fourteenth Amendment claims are dismissed for failure to state a claim.

---

[3] "The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race." *Washington v. Davis*, 426 U.S. 229, 239 (1976). "[A]ge is not a suspect classification under the Equal Protection Clause." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 83 (2000). "States may discriminate on the basis of age without offending the Fourteenth Amendment if the age classification in question is rationally related to a legitimate [government] interest." *Id.* Plaintiff, however, alleges no facts whatsoever in support of a race or age discrimination claim.

Although Plaintiff refers a number of other federal statutes in the Amended Complaint, including 31 U.S.C. § 5103 ("Legal Tender"), 18 U.S.C. § 8 ("Obligation or other security of the United States defined"), and 12 U.S.C. § 1813(L) (defining the term "deposit" in the context of banks and banking), none appears to provide a private right of action. Further, in the absence of a substantive federal claim, the Declaratory Judgment Act, 28 U.S.C. § 2201, which the Amended Complaint also relies on, (Dkt. No. 11, at 1), does not "provide an independent cause of action." *In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993). Thus, to the extent Plaintiff intends to bring claims under these statutory provisions, the Court *sua sponte* dismisses such claims as frivolous. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (holding that a district court has the inherent authority to "dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee"); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("An action is 'frivolous' when either: (1) 'the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy;' or (2) 'the claim is based on an indisputably meritless legal theory.'" (quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990))). For these reasons, and for the reasons stated above, the Court likewise dismisses these claims as alleged against the non-moving Defendants.

    **B.**    **Motion to Dismiss for Lack of Subject Matter Jurisdiction**

        **1.**    **Standard of Review – Fed. R. Civ. P. 12(b)(1)**

"In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). "Dismissal for lack of subject matter jurisdiction is proper when the district court lacks the statutory or constitutional power to adjudicate a case."

*Sokolowski v. Metro. Transp. Auth.*, 723 F.3d 187, 190 (2d Cir. 2013). In resolving a motion to dismiss for lack of subject-matter jurisdiction, the Court may consider competent evidence outside the pleadings, such as affidavits and exhibits. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A plaintiff asserting subject-matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *Id.*

　　2.　　**Analysis**

Defendants argue that as the Amended Complaint fails to state a federal claim and because there is no other basis for the Court's subject matter jurisdiction, such as diversity jurisdiction under 28 U.S.C. 1332, the remaining state law claims must be dismissed. (Dkt. No. 17-1, at 7). The Court agrees. Having found that Plaintiff's federal claims are subject to dismissal, the Court declines to exercise supplemental jurisdiction over the state law claims alleged in the Amended Complaint. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over [pendent state law claims] if . . . the district court has dismissed all claims over which it has original jurisdiction."); *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine— judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."). Further, in an excess of caution, the Court has considered whether there may be diversity jurisdiction, but finds none.

To establish jurisdiction based on diversity of citizenship, a plaintiff must demonstrate that the adverse parties are citizens of different states and that "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). This diversity requirement is satisfied only if complete diversity exists, i.e., "there is no plaintiff and no defendant who are citizens of the same

State." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 217–18 (2d Cir. 2016) (quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998)).

According to the Amended Complaint, Plaintiff is a citizen of New York. Thus, if any Defendant is also a citizen of New York, diversity does not exist. 18 U.S.C. § 1332(a). Ocwen is identified in the Amended Complaint as an LLC. (Dkt. No. 11, at 1). "[A] limited liability company . . . takes the citizenship of each of its members." *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (holding that, for purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership); *see also ICON MW, LLC v. Hofmeister*, 950 F. Supp. 2d 544, 546 (S.D.N.Y. 2013) (finding that "complete diversity of parties is lacking because some of the members of [the plaintiff limited liability company] are citizens of Kentucky and [the defendant] is also a citizen of Kentucky"). As the Amended Complaint does not set forth any allegations as to Ocwen's membership, the allegations are insufficient to show that there is complete diversity of citizenship between Ocwen and Plaintiff. *See, e.g.*, *Long Beach Rd. Holdings, LLC v. Foremost Ins. Co.*, 75 F. Supp. 3d 575, 584 (E.D.N.Y. 2015) (concluding that "diversity of citizenship" was not "a proper basis of subject matter jurisdiction" where the plaintiff limited liability company did "not set forth any allegations with respect to its structure or membership").

Defendants Altisource Solutions and REALHome are identified in the Amended Complaint as corporations. A corporation is considered a citizen of the state "by which it has been incorporated" and the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see Bayerische Landesbank*, 692 F.3d at 48. Where a corporation maintains its principal place of business depends on where its officers "direct, control, and coordinate the

corporation's activities" and otherwise conduct the tasks typically associated with a business's headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

Assuming that the allegation in the Amended Complaint that Altisource Solutions is headquartered in Luxembourg is sufficient, there are no allegations concerning the place of Altisource Solutions' incorporation. 28 U.S.C. § 1332(c)(1). Further, the allegations regarding Defendant REALHome, which is, according to the Amended Complaint, a subsidiary of Altisource Solutions, (Dkt. No. 11, at 2), are also insufficient. "[A] subsidiary corporation has its own principal place of business for purposes of diversity of citizenship jurisdiction, unless it is merely an 'alter ego' or agent of the parent corporation." *OneWest Bank*, 827 F.3d at 222 (quoting Charles Alan Wright, et al., 13F Federal Practice and Procedure § 3625 (3d ed.)). Plaintiff alleges REALHome does business in New York, but does not indicate where REALHome's principal place of business is or where it was incorporated. Thus, the Court has no basis on which to conclude that there is diversity of citizenship between Plaintiff and Defendants Altisource Solutions and REALHome.

The Amended Complaint indicates that Defendants Trustco Bank and Deutsche Bank have headquarters in New York[4] and Germany, respectively, and that they do business or are based in New York. (Dkt. No. 11, at 2–3). The Amended Complaint does not indicate whether these Defendants are national banks,[5] LLCs, or corporations. Nor does it contain any factual detail concerning membership or place of incorporation that would enable the Court to determine the citizenship of these entities.

---

[4] If Defendant Trustco Bank is, like Plaintiff, a citizen of New York, this would, of course, destroy diversity.

[5] For purposes of subject-matter jurisdiction, "a national bank is a citizen only of the state listed in its articles of association as its main office." *OneWest Bank*, 827 F.3d at 219. The Amended Complaint does not indicate whether Defendants Trustco Bank and Deutsche Bank are national banks—indeed, it describes Deutsche Bank as a "multinational bank." (Dkt. No. 11, at 3). Further, even if they are national banks, Plaintiff has not indicated which state or states their main offices are in—as listed in their articles of association.

Finally, the Amended Complaint fails to allege any facts concerning the citizenship of Defendant Schenck. The Amended Complaint therefore fails to allege complete diversity of citizenship between Plaintiff and Defendants.

Accordingly, the Amended Complaint is dismissed.

## IV. MOTION TO AMEND

Plaintiff has filed a motion to amend the complaint, (Dkt. No. 27), and submitted a proposed Second Amended Complaint, (Dkt. No. 27-7), in support of her motion. In general, leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Like the Amended Complaint, Plaintiff's proposed Second Amended Complaint fails to allege a plausible federal claim and fails to show a basis for the Court's subject matter jurisdiction. Plaintiff's motion to amend is therefore denied as futile. *Chunn v. Amtrak*, 916 F.3d 204, 208 (2d Cir. 2019) ("Amendment is futile if it fails 'to cure prior deficiencies.'" (quoting *Panther Partners, Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)). Courts, however, "'generally afford an opportunity for amendment' of the pleadings to cure defective jurisdictional allegations unless 'the record clearly indicates that the complaint could not be saved by any truthful amendment.'" *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 65 (2d Cir. 2009) (quoting *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997)). Therefore, so that Plaintiff may have the opportunity to demonstrate federal question or diversity jurisdiction, leave to file an amended complaint within thirty (30) days of the date of this Order is granted. Any such amended complaint will replace the existing complaint and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an

amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977))).

## V. CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Clerk of the Court is directed to add Marcus Schenck to the docket as a defendant; and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 17) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion to strike (Dkt. No. 29) is **DENIED.**

**ORDERED** that Plaintiff's motion for a preliminary injunction (Dkt. No. 4) is **DENIED** as moot; and it is further

**ORDERED** that Plaintiff's motion to file the proposed Second Amended Complaint (Dkt. No. 27) is **DENIED**; and it is further

**ORDERED** that the Amended Complaint (Dkt. No. 11) is **DISMISSED without prejudice to repleading** to the extent Plaintiff may be able to demonstrate this Court's diversity jurisdiction or federal question jurisdiction; and it is further

**ORDERED** that Plaintiff may file an amended complaint within thirty (30) days of the date of this Memorandum-Decision and Order; and it is further

**ORDERED** that if Plaintiff does not file an amended complaint within thirty (30) days of the date of this Memorandum-Decision and Order, the Clerk of the Court is directed to close this case without further order; and it is further

**ORDERED** that the Clerk of the Court shall serve this Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 3, 2019
      Syracuse, New York

_Brenda K. Sannes_
Brenda K. Sannes
U.S. District Judge